**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| CANDELARIO ANTONIO, | CASE NO. 1:09-cv-00762 LJO DLB PC |
|---|---|
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| GARZA, | (Doc. 1) |
| Defendant. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Candelario Antonio, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 29, 2009.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal

conclusion are not. Id. at 1949.

## II. Summary of Plaintiff's Complaint

Plaintiff brings this action against Correctional Officer Garza, whom Plaintiff alleges used reprisals against Plaintiff for "writing up" his coworker. Plaintiff alleges that the reprisals constitute deliberate indifference.

### A. First Amendment - Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Plaintiff's complaint is devoid of any factual allegations explaining what reprisals defendant Garza undertook, whether Plaintiff's exercise of his First Amendment rights was chilled, and whether the action was undertaken for any penological purpose. Plaintiff's fails to state a cognizable claim for retaliation.

### B. Eighth Amendment - Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth

1  Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew
2  of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511
3  U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

      Plaintiff has not sufficiently alleged that defendant Garza"[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety."  Farmer, 511 U.S. at 837.  Plaintiff's conclusory allegation of deliberate indifference, without more, is insufficient to state a claim.  Iqbal, 129 S.Ct. at 1949.

### III.     Conclusion and Order

      Plaintiff's complaint fails to state a claim under section 1983.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

      Plaintiff has attached exhibits to his original complaint.  Plaintiff is informed that exhibits are permissible only if incorporated by reference.  Fed. R. Civ. P. 10(c).

      Finally, as previously set forth, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

      Based on the foregoing, it is HEREBY ORDERED that:

      1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

      2.     Plaintiff's complaint is dismissed for failure to state a claim upon which relief may

3

be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:** **September 28, 2009**                              **/s/ Dennis L. Beck**
                                                                                UNITED STATES MAGISTRATE JUDGE