IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CANDELARIO, | 1:09-cv-00762-LJO-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM |
| v. | |
| GARZA, | OBJECTIONS, IF ANY, DUE IN 20 DAYS |
| Defendant. | |
| _____/ | |

On September 29, 1009, the court issued an order directing plaintiff to file an amended complaint, within thirty (30) days. The thirty (30)-day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v.*

-1-

1    *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
2    requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
3    1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
4    apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
5    for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
6    1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

7    In determining whether to dismiss an action for lack of prosecution, failure to obey a
8    court order, or failure to comply with local rules, the court must consider several factors: (1) the
9    public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
10   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
11   their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;
12   *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
13   *Ghazali*, 46 F.3d at 53.

14   In the instant case, the court finds that the public's interest in expeditiously resolving this
15   litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
16   factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
17   injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air*
18   *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition
19   of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
20   herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in
21   dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
22   *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated:
23   "If Plaintiff fails to file an amended complaint, this action will be dismissed, with prejudice, for
24   failure to state a claim under section 1983."   Thus, plaintiff had adequate warning that dismissal
25   would result from his noncompliance with the court's order.

26   Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on
27   plaintiff's failure to obey the court's order of September 29, 2009, and for failure to state a claim.
28   These findings and recommendations are submitted to the United States District Judge

1  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty**
2  **(20) days** after being served with these findings and recommendations, plaintiff may file written
3  objections with the court.  Such a document should be captioned "Objections to Magistrate
4  Judge's Findings and Recommendations."  The parties are advised that failure to file objections
5  within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*
6  *Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:    August 4, 2010**                    /s/ **Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE